GEORGE H. SHARP and another, Executors, &c., Appellant,
v. NOAH DIMMICK, Respondent.

(GENERAL TERM, SIXTH DISTRICT, JULY, 1869.)

By a clause in the testator's will he devised as follows: "I give and devise
to my son N. the K. farm, as it is now occupied by him, to be held and
enjoyed by him" for life; "and after the death of my said son N., I
give and devise the said K. farm to his children." Before the date
of the will the K. farm had been divided by a surveyor's line, the son
occupied that portion of the farm on one side of the line; and whether
he or the testator occupied the other portion was in dispute.—*Held*, that
conceding the son's occupation to have been only of one portion of the
farm, the whole passed to him under the devise.

THIS was an action to recover the possession of one hun-
dred and sixteen acres and sixty-nine one hundredths of an
acre of land, being part of the Kittle farm in the town of
Middletown, in the county of Delaware.

The action was tried at the Delaware Circuit in August,
1864. The jury rendered a verdict in favor of the defendant.

The plaintiffs made a motion for a new trial on a case and
exceptions at a Special Term of this court, which motion was
denied. Judgment was then entered in favor of the defend-
ant on the verdict with costs.

The plaintiffs appealed from the judgment and from the
order of the Special Term, denying their motion for a new
trial to the General Term of this court.

*T. R. Westbrook*, for the plaintiffs.

*John Grant*, for the defendant.

Present—BALCOM, BOARDMAN, and PARKER, JJ.

By the Court—BALCOM, P. J. Both parties to the action
claim title to the land in dispute under and by virtue of the
last will and testament of Noah Dimmick, deceased.

Sharp *v.* Dimmick.

The defendant claims that the land was devised to him by the fifth clause in the will. The plaintiffs insist that the fifth clause of the will does not entitle the defendant to hold the land; and that they are entitled to it as executors and trustees under the eleventh clause of the will.

The defendant is a son of the testator; and the fifth clause in the will is as follows, viz.: "Fifth. I give and devise to my son Noah the Kittle farm, *as it is now occupied by him*, to be held and enjoyed by my said son Noah during the term of his natural life, for the support and maintenance of himself and family; and, after the death of my said son Noah, I give and devise the said Kittle farm to his children, their heirs and assigns forever."

The Kittle farm contained 210 acres of land; and it was conveyed to the testator by Frederick Kittle, in March, 1832.

The date of the testator's will is April 16, 1861.

A line was surveyed through the farm before the will was made. Dividing the farm by that line, the $116\frac{69}{100}$ acres claimed by the plaintiffs are on one side of it, and $93\frac{31}{100}$ acres are on the other side of it.

There was no dispute on the trial but that the defendant resided upon and occupied the $93\frac{31}{100}$ acres of the Kittle farm at the date of the will, and also at the time the testator died.

The defendant claimed, on the trial, that the evidence he gave showed he occupied the $116\frac{69}{100}$ acres of land in dispute, or a considerable portion thereof, as well as the $93\frac{31}{100}$ acres of the Kittle farm, at the date of the will, and subsequently, during the life of the testator.

Evidence was given by the plaintiffs tending to show that the defendant did not occupy any portion of the $116\frac{69}{100}$ of land in dispute after a line was run through it, as above stated, or at the date of the will, or at any time subsequently, with the consent of the testator.

The judge left the question to the jury as to whether the defendant occupied the land in dispute at the date of the will, either separately or jointly with the testator.

Sharp *v.* Dimmick.

Exceptions were taken by the plaintiff's counsel to portions of the judge's charge to the jury, and during the trial to rulings of the judge as to the competency of evidence offered and given.

But I am of the opinion it is unnecessary to examine the charge or any ruling of the judge during the trial. I think if it were conceded that the defendant did not occupy any portion of the land in dispute at the date of the will, but occupied only the other part of the Kittle farm, he was entitled to the land in dispute under the fifth clause of the will, because it is a part of the Kittle farm.

. The testator owned the whole of the Kittle farm when he made his will, and also at the time he died. If the defendant did not occupy the whole of the farm at those dates, what he did not occupy was in the possession of the testator.

The testator's language was : "I give and devise to my son, Noah, the Kittle farm as it is now occupied by him." He did not say, I give and devise to my son, Noah, that part of the Kittle farm now occupied by him. I think his intention was to devise the whole of the Kittle farm to the defendant, and unnecessarily assigned as a reason for doing so that it was occupied by the defendant. It seems to me the meaning of the testator would be correctly expressed as follows, to wit : "I give and devise to my son, Noah, the Kittle farm, *because* it is now occupied by him." He said in the same clause of his will : "After the death of my said son, Noah, I give and devise the said Kittle farm to his children, their heirs and assigns forever."

It is not probable or hardly possible that the testator meant by this language to give the children of his son, Noah, less than half of the Kittle farm, viz., $93\frac{31}{100}$ acres of it.

This construction of the will in question is supported by the decision in *Doe* v. *Roe* (1 Wend., 541), and the cases there cited.

It was not proved that the $93\frac{31}{100}$ acres of the Kittle farm was known and understood to be "the Kittle farm" at the date of the will.

An examination of the decision in *Jackson* v. *Sill* (11 Johns. Reps., 201), will show it is in harmony with the foregoing views I have expressed in this case.

In *Goodtitle* v. *Paul* (1 Burr, 1089), the device was : " I give to my wife my farm at Bovingdon, in the tenure of John Smith." The fact was that about six acres of the farm were in possession of the testator, and the residue in the possession of John Smith. Lord MANSFIELD held, that the words " in the tenure of John Smith," could not be understood as a restriction, but were an additional description which did not vitiate, if false. In *Goodright* v. *Pears* (11 East 58), the testator devised to his wife " all his copyhold, cottage and premises then in his own possession." Part of the premises were not in his own possession; but the court held that the previous words were sufficient to convey the " copyhold, cottage and premises."

Mr. Justice SPENCER said, in *Jackson* v. *Clark* (7 Johns., 228); " If there are certain particulars *once* sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance, false or mistaken, will not frustrate the grant."

THOMPSON, Ch. J., recognized the above rule in *Jackson* v. *Sill* (*supra*), in these words, to wit : " I admit the rules, in their fullest extent, that a latent ambiguity may be explained by extrinsic evidence; and that, if there is a certain description of the person or thing devised, and a further description is added, it is immaterial whether the superadded description be true or false."

When the testator said, in the will in question, " I give and devise to my son Noah *the Kittle farm*," he sufficiently and clearly described the land devised, and the addition of the words, " as it is now occupied by him," were unnecessary; and I am of the opinion it is immaterial whether those superadded words were true or false, or were or were not used with the intention of assigning a reason for the devise.

My conclusion is, that the whole of the Kittle farm was devised to the defendant; and that the judgment in his favor,

for that portion of the farm in dispute in this action, should be affirmed, with costs.

Justice PARKER concurred in the above conclusion; BOARD-MAN, J., dissented.